## William T. Baker, Appellee, v. Taylorville Railway, Light, Heat & Power Company, Appellant.

1. VERDICTS—*when not disturbed.*  A verdict will not be set aside on review as against the weight of the evidence where not clearly and manifestly so.

2. APPEALS AND ERRORS—*what cures erroneous admission of evidence.*  *Held,* that the error committed by the court in admitting evidence was fully cured by a subsequent instruction to disregard the same.

3. APPEALS AND ERRORS—*when erroneous evidence will not reverse.* The admission of erroneous evidence upon the question of damages will,

not reverse if the verdict rendered under the evidence was not excessive.

4. DAMAGES—*what evidence incompetent upon.* Evidence as to money expended on behalf of the plaintiff is not competent to enhance the amount of the damages unless it is shown that the plaintiff was liable for such expenditures.

5. INSTRUCTIONS—*must not ignore theory of recovery.* An instruction which directs a verdict for the defendant if certain facts are found must not ignore any theory of recovery justified by the pleadings and proof.

Action in case for personal injuries. Appeal from the Circuit Court of Christian county; the Hon. J. C. McBRIDE, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 14, 1911. *Certiorari* denied by Supreme Court (making opinion final).

TAYLOR & TAYLOR, W. B. McBRIDE and J. A. MERRY, for appellant.

HOGAN & WALLACE and PROVINE & PROVINE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case for the recovery of damages alleged to have been sustained by the plaintiff, by reason of alleged negligence of the defendant in failing to use resonable care to maintain its railway in the public highway in safe condition. A trial resulted in a verdict in favor of the plaintiff for $2,000, upon which judgment was rendered. The specific negligence charged is that where its track crosses a public highway at a certain point, the defendant negligently suffered the rails of such track to be exposed and elevated above the surface of the traveled portion of such highway, and permitted the surface between said rails to become and remain depressed, uneven and irregular, thus causing a dangerous obstruction and an impediment and menace to travel in and along such highway.

The evidence shows that the defendant maintained its railway in the public highway a short distance from

the corporate limits of Taylorville, extending in a westerly direction to a point where it turned south in said public highway; that during the evening of October 2, 1909, plaintiff, accompanied by one Reed, was traveling in a buggy toward the city of Taylorville, the horse being driven by the former. The evidence introduced by the plaintiff tends to show that it was necessary for them to cross the track of the defendant at or near the turning point in question; that while they were endeavoring to do so, by reason of the undue elevation and exposure of the rails, the wheels of the buggy were prevented from passing entirely over said rails, and became confined between the same, and that in an attempt to extricate the vehicle it tilted to one side, threw the plaintiff out of the buggy to the ground, whereby he was severely injured; and, further, that at the place in question, the highway on the north side of the track was rough and uneven; that the usual traveled way was on the south side thereof, and that it was essential that they should cross at the point where they attempted to do so; that for some distance east from the point where the rail or track turned south, the ties between the rails were bare of dirt, and the rails extended their full height above the natural surface of the ground; that the plaintiff was an experienced horseman and that the horse which he was driving was not frightened and after the accident returned to the city at its usual gait.

The testimony of the witnesses for the defendant tended to show that at the crossing in question, the dirt was as high as the rails; that the crossing was in a safe condition, and that the cause of the accident was the careless driving of the plaintiff in getting the wheels inside and attempting to get them outside of the rail, at a time when the horse was frightened, and the further fact that both of them undertook to drive at the same time, and thus frightened and confused the

horse.    There was also evidence showing that the plaintiff and his companion had, during the afternoon, prior to the accident, indulged to some extent in the use of intoxicating liquors.

The alleged errors argued are that the verdict is contrary to the evidence, and that the court erred in its rulings upon the evidence and instructions to the jury.    We have read and considered all the evidence in the record, and are of opinion that the findings of the jury upon the issues as to the alleged negligence of the defendant, and the exercise of due care on the part of the plaintiff, cannot be said to be clearly and manifestly against the weight of the evidence.    If the jury credited the testimony of the plaintiff's witnesses, such conclusions were fully warranted.

The court sustained a demurrer to the second count of the declaration, which charged that the defendant had located its track on the highway in question without authority from the highway commissioners of the town of Taylorville, and that by reason thereof said track was an obstruction in said highway and an impediment to travel.    The plaintiff was, however, over the objection of the defendant, permitted to introduce evidence upon the question as to whether the county board had given the defendant authority to lay the tracks of said railroad in said highway.    It is contended that although the court afterward excluded said evidence from the consideration of the jury, the defendant was seriously prejudiced thereby.    We are satisfied that the error, if any, was fully cured by the subsequent instruction to disregard the evidence, and that the jury were not misled or prejudiced thereby.

It is further urged that the court erred in permitting the plaintiff's son, John Baker, to testify that he had paid to one Kelly the sum of $110 for board of himself and sister while caring for his father, and that he had spent on an average twenty-five dollars per week in caring for his father.    In the absence of proof that

the plaintiff had paid or was liable to pay such expenses, the evidence was incompetent. We do not think, however, that the admission of the same served to enhance the amount of the verdict, which cannot be said to be excessive, under the evidence. The plaintiff's third instruction, in reference to the amount of damages, of which complaint is made, need not be considered, for the same reason.

It is insisted that the plaintiff's fourth instruction is not based upon the evidence or the pleadings in the case. We think there was evidence to warrant the hypothesis contained in the same, and that the averments of the declaration were sufficiently broad to render such evidence admissible. Defendant's second refused instruction was practically covered by the fifth given. Defendant's fifth refused instruction tells the jury that if the track where the accident happened was built and maintained in a proper and workmanlike manner, for the purpose for which it was built, and no negligence was shown upon the part of the defendant, then the plaintiff could not recover. The instruction was properly refused, for the reason that it ignored the duty of the defendant so to construct and maintain its track as not to interfere with free travel over the street by any one having occasion to use the same. We have considered the objections to other instructions, and find no prejudicial error in the rulings of the court thereupon.

The judgment of the circuit court is affirmed.

*Affirmed.*